Filed 6/28/23  P. v. Currie CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WALTER CURRIE, JR.,<br><br>Defendant and Appellant. | C093500<br><br>(Super. Ct. No. 117993)<br><br>OPINION ON TRANSFER |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

Defendant Walter Currie, Jr., was convicted of first degree murder after he, a codefendant, and the victim were involved in an altercation in which the victim was stabbed and killed.  (*People v. Currie* (July 11, 1995, C017668) [nonpub. opn.].)  We affirmed the conviction in an unpublished decision in 1995.  (*Ibid.*)  After the passage of

1

Senate Bill No. 1437 (2017-2018 Reg. Sess.), defendant sought resentencing under former Penal Code section 1170.95. (Former section 1170.95 has since been renumbered section 1172.6, with no change in text [see stats. 2022, ch. 58, § 10]; further undesignated statutory references are to the Penal Code.) The trial court appointed counsel and received briefing from the parties, in which the parties agreed defendant was not prosecuted under the felony-murder rule or the natural and probable consequences doctrine. The trial court denied the petition accordingly.

Defendant appealed from the trial court's order denying his petition for resentencing.

Appointed counsel for defendant asked this court to independently review the record pursuant to *Wende*. Defendant failed to file a supplemental brief and we dismissed the appeal as abandoned. The California Supreme Court granted review of the case and later transferred the matter back to this court with instructions to vacate the dismissal and reconsider the case in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We vacated our decision.

On March 30, 2023, we notified defendant that (1) counsel had filed a brief indicating that no arguable issues had been identified by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned. More than 30 days have elapsed and we have received no communication from defendant.

We consider defendant's appeal abandoned and order it dismissed. (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)

2

DISPOSITION

The appeal is dismissed.

_____
HULL, Acting P.J.

We concur:

_____
RENNER, J.

_____
BOULWARE EURIE, J.